**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| *Plaintiff* | § | |
| | § | **W-21-CR-00213-ADA** |
| **-vs-** | § | |
| | § | |
| **(1) ANDRE EDWARDS SANCHEZ,** | § | |
| *Defendant* | § | |
| | § | |

## ORDER

Before the Court in the above-entitled and styled cause of action is Defendant's Motion to Dismiss Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) (Dkt. No. 44). Defendant is charged with unlawful possession of a firearm by one who is an unlawful user of or addicted to a controlled substance, in violation of 18 U.S.C. § 922(g)(3) (Dkt. No. 3). Defendant moves to dismiss the indictment, asserting that 18 U.S.C. § 922(g)(3)  is unconstitutional under the Second Amendment under the standard announced by the Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022) (Dkt. No. 44 at 1). Defendant further asserts that the statute violates the Due Process Clause of the Fifth Amendment. *Id*. For the reasons discussed below, Defendant's Motion to Dismiss the indictment is **DENIED**.

### I.     BACKGROUND

The facts of this case arise from a traffic stop that occurred on April 30, 2021. (Dkt. No. 44 at 1, Dkt. No 49 at 1). Law enforcement witnessed a vehicle traveling down a residential street. *Id*. Officers conducted a license plate search which indicated that the vehicle was stolen. *Id.* After the vehicle came to a stop and the driver was taken into custody, officers confirmed that the driver was Defendant, Andre Sanchez. *Id*. During a search of his person, law enforcement stated they

1

found suspected Xanax pills and suspected marijuana in Defendant's pocket, both of which are controlled substances. *Id*. Subsequently, officers obtained a blood draw from Defendant, and a laboratory test confirmed the presence of THC. *Id*. On December 14, 2021, a grand jury returned an indictment, charging Defendant with possession of a firearm by an unlawful user of or one addicted to a controlled substance (Dkt. No. 1).

## II.     LEGAL STANDARD

The Supreme Court has held that the right to bear arms is limited to  "law-abiding, responsible citizens." *District of Columbia v. Heller,* 554 U.S. 570, 635 (2008). The Supreme Court specified that "[N]othing in [its] opinion should be taken to cast doubt" on "longstanding prohibitions on the possession of firearms by felons." *Id*. at 626. The Court described these "permissible" measures as falling within "exceptions" to the protected right to bear arms. *Id*. at 635. The Court "repeat[ed]" its "assurances" that *Heller*'s holding "did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons.'" *McDonald v. City of Chicago,* 561 U.S. 742, 786 (2010) (quoting *Heller*, 554 U.S. at 626).

In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* the Supreme Court recently confirmed that the right to keep and bear arms belongs only to "law-abiding" citizens. 142 S.Ct. 2111, 2122 (2022). In *Bruen,* the Court repeatedly defines the Second Amendment as being limited to "law-abiding" citizens in a manner "consistent with *Heller* and *McDonald*." 142 S.Ct. at 2122, 2125, 2131, 2133, 2134, 2138, 2150, 2156.

In *Bruen*, the Supreme Court "made the constitutional standard endorsed in Heller more explicit." *Id.* 2134. The Court explained that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government

must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id*. at 2129–30.

### III.    DISCUSSION

Defendant argues that Section 922(g)(3) is unconstitutional for two distinct reasons (Dkt. No. 44 at 2-3). First, Defendant alleges that Section 922(g)(3) violates the Second Amendment, facially and as applied, because historical traditions do not support prohibiting persons who are accused of being a "user of" or "addicted to" a controlled substance from possessing firearms. *Id*. Second, Defendant alleges that Section 922(g)(3) violates the Due Process Clause of the Fifth Amendment because, facially and as applied, the statute is so vague that it fails to provide fair notice of the acts prohibited and further allows for arbitrary and discriminatory enforcement. *Id*. The Court analyzes each argument in turn.

Section 922(g)(3) makes it unlawful for any person who is an unlawful user of or addicted to any controlled substance (as defined in Section 102 of the Controlled Substances Act (21 U.S.C. 802)) to possess a firearm. 18 U.S.C.A. § 922. In *Bruen*, the Supreme Court enumerated the framework for analyzing Second Amendment claims as follows: "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." 142 S.Ct. 2111 at 2126. The government then "must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with historical tradition may a court conclude that the individual's conduct falls outside of the Second Amendment's 'unqualified command.'" *Id*.

Since the decision in *Bruen* federal courts nationwide have rejected similar facial constitutional challenges to a variety of federal firearm crimes, including possession of firearms by a felon, possession of firearms by a person convicted of misdemeanor domestic violence, and

3

possession of firearms by persons who are unlawful users of controlled substances. *See United States v. Ingram*, 2022 WL 3691350 (D.S.C Aug. 25 2022) (finding that *Bruen*, *McDonald*, and *Heller* did not cast doubt on prohibition of possession of firearms by felons and certain other regulations); *United States v. Jackson*, 2022 WL 3582504 (W.D. Okla. Aug. 19, 2022); *United States v. Nutter,* 2022 WL 37 18518 at 8 (S.D. W. VA. Aug. 29, 2022); (finding the prohibition of possession of firearms by domestic violence misdemeanants, and other groups identified as dangerous, is supported by history); *United States v. Daniels*, 2022 WL 2654232 at 2 (S.D Miss. July 8 2022) (rejecting Second Amendment challenge to firearms by person who are unlawful users of controlled substances under Section 922(g)(3)). This Court finds that Section 922(g)(3) is constitutional, both because Defendant's conduct is not covered by the Constitution and because the regulation is consistent with this Nation's historical tradition of firearm regulation.

This Court first turns to whether Defendant's conduct is covered by the plain text of the Second Amendment. Defendant argues that his conduct is covered by the plain text of the amendment and thus presumptively protected because the status of "person" is not enumerated in the Second Amendment. (Dkt. No. 44 at 4-5).

Interpreting Fifth Circuit law, the Court in *United States v. Daniels* noted that "there is some doubt Section 922(g)(3) is textually covered by the Second Amendment, insofar as it has been interpreted to guarantee the right to keep and bear arms to ordinary, law-abiding, responsible citizens." 2022 WL 2654232 at 2 (S.D Miss. 2022). This Court finds that the language of Section 922(g)(3) is not covered by the plain text of the Second Amendment.

This Court's analysis begins with the text of the Second Amendment, which protects "the right of the people to keep and bear Arms." U.S. Const. Amend. II. Thus, we must determine

whether Defendant, presumed as an unlawful user of drugs under Section 922(g)(3), is among those protected by the Second Amendment.

The decision in *Bruen* provides clear insight into the meaning of "the people" which the Second Amendment protects. As one Circuit Court has noted, the majority in *Bruen* consistently explains that the holders of Second Amendment rights are "law-abiding" citizens. *Range v. Att'y Gen. United States*, 53 F.4th 262 (3d Cir. 2022) (*citing Bruen*, 142 S. Ct. at 2122, 2125, 2131, 2133–34, 2135 n.8, 2138 & n.9, 2150, 2156; *accord Heller*, 554 U.S. at 625, 635). This is reflected in the Supreme Court's holding that the New York statute "violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *Id*. It is further reflected in its explanation that the Second Amendment "'elevates above all other interests the right of law-abiding, responsible citizens to use arms' for self-defense." *Id*. at 2131 (*quoting Heller*, 554 U.S. at 635). The Court also uses this distinction in its instruction to identify historical analogues to modern firearm regulations by assessing "how and why the regulations burden a law-abiding citizen's right to armed self-defense." *Id*. at 2133.

Following this principle, the Supreme Court made it clear that "nothing in our analysis should be interpreted to suggest the unconstitutionality of the 43 States' 'shall-issue' licensing regimes . . . [,] which often require applicants to undergo a [criminal] background check" and "are designed to ensure only that those bearing arms in the jurisdiction are, in fact 'law-abiding, responsible citizens.'" *Id*. at 2138 n.9 (*quoting Heller*, 554 U.S. at 635); *see id.* at 2162 (Kavanaugh, J., joined by Roberts, C.J., concurring) ("shall-issue licensing regimes are constitutionally permissible"). The criminal background checks that the Court indicated are constitutional are not limited to violent offenses and often disqualify any person "prohibited from possessing a firearm under federal law." *See Range* 53 F.4th at 272 (*citing* various shall-issue

5

statutes). Following this reasoning, the Court did not need to conduct a detailed historical analysis of shall-issue licensing regimes, showing that they are supported by the plain text of the amendment. Thus, shall-issue regimes, such as the one enumerated by Section 922(g)(3), may be facially constitutional because "person" as used in the Second Amendment describes "ordinary, law-abiding citizens."

Following this analysis, this Court finds that Defendant's conduct as a user of unlawful drugs under Section 922(g)(3) is not covered by the plain text of the Second Amendment. To qualify under Section 922(g)(3), a defendant's drug use must be (1) "with regularity and over an extended period of time"; and (2) close in time to the gun possession. *United States v. McCowan*, 469 F.3d 386, 392 (5th Cir. 2006); *see also* 27 C.F.R. § 478.11 (ATF regulation defining "unlawful user" in Section 922(g)(3) as a "current user" of a controlled substance in a manner other than as prescribed by a physician, meaning that "the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct"). The facts of the case as presented by both parties show that Defendant's drug use was close in time to the gun possession—he was found in possession of and tested positive for controlled substances at the time he was found with a firearm. Dkt. No. 44 at 1. In addition, evidence presented by the government and admissions from defendant himself show that Defendant's drug use was regular. *See* Dkt. No. 49 at 2. This Court finds that as applied, the language of Section 922(g)(3) limits only persons that are not law-abiding from obtaining firearms and thus does not cover conduct protected by the Second Amendment.

Still, should the Court be required to adopt the view that Defendant's conduct is covered by the Second Amendment's plain text, it would yield the same result. The constitutionality of Section 922(g)(3) has been continuously upheld as an exception to the Second Amendment right which is "not inconsistent with the right of Americans generally to individually keep and bear their

private arms as historically understood in this country." *United States v. Patterson*, 431 F.3d 832, 835-36 (5th Cir. 2005) (*quoting United States v. Emerson*, 270 F.3d 203, 261 (5th Cir. 2001)). This has been reaffirmed both by the Circuit after *Heller* and by District Courts in the circuit after *Bruen*. *See United States v. May*, 538 F. App'x 465, 466 (5th Cir. 2013) (*citing Patterson*, 431 F.3d at 836); *see also United States v. Moreno*, 811 F. App'x 219, 223 (5th Cir. 2020) (upholding Sentencing Guideline § 2D1.1(b)(1), which "increases a base offense level by two levels 'if a dangerous weapon (including a firearm) was possessed' in the course of an offense involving drugs," because "drug traffickers pose a risk to society that is enhanced by their possession firearms" and the enhancement "harmonizes with historical traditions regarding the Second Amendment") (emphasis in original); *United States v. Daniels*, 2022 WL 2654232 at 2 (S.D Miss. 2022) (*citing United States v. Yancey*, 621 F.3d 681 (7th Cir. 2010) and finding that Section 922(g)(3) passes constitutional muster under *Bruen*, reasoning that "analogous statutes which purport to disarm persons considered a risk to society… were known to the American legal tradition.") This Court, like those before it, finds that the government has satisfied its burden of demonstrating that the regulation is consistent with this Nation's historical tradition of firearm regulation.

Finally, the Court finds that Section 922(g)(3) is not unconstitutionally vague. Defendant asserts that Section 922(g)(3) is both facially void-for-vagueness because the text is ambiguous, and vague as applied to the Defendant because he did not have fair notice that he was prohibited for possessing a firearm (Dkt. No. 44 at 10-22). Both arguments rely on the contention that Congress has not given the terms "addicted to" or "unlawful user of" substantive meaning. *Id*.

The Fifth Circuit has consistently denied vagueness challenges as to Section 922(g)(3). *See United States v. Edwards,* 182 F.3d 333 (5th Cir.1999); *United States v. Patterson*, 431 F.3d 832,

836 (5th Cir. 2005). The Circuit reasoned that first, a criminal statute is not unconstitutionally vague "if it 'defines the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" *Edwards* 182 F.3d at 335 (*quoting United States v. Gray*, 96 F.3d 769, 776 (5th Cir.1996)). Second, the Court reasoned that "when a vagueness challenge does not involve First Amendment freedoms, [this Court] examine[s] the statute only in light of the facts of the case at hand." *Id*. The Edwards Court concluded that the application of § 933(g)(3) was clearly constitutional as applied to the defendant because "an ordinary person would understand that [the defendant's] actions establish him as 'an unlawful user of a controlled substance' while in possession of a firearm." *Id.* at 335–36.

This Court finds that the above analysis yields the same result in the case at hand. An ordinary person would understand that Defendant's conduct falls within the statute. As discussed above, there is evidence including an admission from the Defendant that he was in use of a controlled substance at the time he was found in possession of a firearm.

## IV.    CONCLUSION

Accordingly, Defendant's Motion to Dismiss the Indictment under the Second Amendment is **DENIED.**

SIGNED this 19th day of December, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE